UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAIYA SOLOMON,

                            Plaintiff,

v.                                                          5:10-CV-0603
                                                            (GTS/GHL)
CORNELL UNIV.; STAFKINGS;
CAROL KATCHMIR; ALLAN BISHOP;
and ALAN MITTMAN,

                            Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

SARAIYA SOLOMON
  Plaintiff, *Pro Se*
111 South Street
Ithaca, NY 14850

OFFICE OF UNIVERSITY COUNSEL                    WENDY E. TARLOW, ESQ.
  Counsel for Defendants Cornell University,    NELSON E. ROTH, ESQ.
  Allan Bishop, and Alan Mittman                VALERIE L. DORN, ESQ.
300 CCC Building, Garden Avenue
Ithaca, NY 14853

SMITH, SOVIK, KENDRICK & SUGNET, P.C.           KRISTEN M. BENSON, ESQ.
  Counsel for Defendant Stafkings
250 South Clinton Street, Suite 600
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

        Currently before the Court in this *pro se* employment civil rights action–filed by Saraiya

Solomon ("Plaintiff") against Cornell University, Allan Bishop, and Alan Mittman ("Cornell

Defendants") and  Stafkings and Carol Katchmir ("Stafkings Defendants")–is Cornell

Defendants' motion to dismiss Plaintiff's claims against them for failure to state a claim upon

which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 14.)  For the reasons

set forth below, Cornell Defendants' motion to dismiss is granted in part and denied in part, in

that certain of Plaintiff's claims against the Cornell Defendants are dismissed with prejudice, and

the remainder of Plaintiff's claims against the Cornell Defendants are *conditionally* dismissed

with prejudice (i.e., they will be dismissed with prejudice unless within thirty days from the date

of this Decision and Order, Plaintiff's files an Amended Complaint that alleges facts plausibly

suggesting such claims).  In addition, Plaintiff's claims against the Stafkings Defendants are

similarly either dismissed with prejudice or conditionally dismissed with prejudice, *sua sponte*

pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.      **RELEVANT BACKGROUND**

     A.      **Plaintiff's Claims**

Plaintiff filed her Complaint in this action on May 24, 2010.  (Dkt. No. 1.)  Generally,

liberally construed, Plaintiff's Complaint alleges that Stafkings Defendants, "preferred

vendor[s]" of Cornell University, discriminated against her based upon her age and race when

they failed to forward her resumé to Cornell University, which she submitted to them to apply

for a job opening of which she became aware through Workforce New York.  (*Id.*)  Plaintiff's

Complaint further alleges that Cornell Defendants discriminated against her when they accepted

the applicants recommended by Stafkings Defendants, none of whom were black, and "failed to

take any actions to remedy the discriminatory situation."  (*Id.*)

Based on these factual allegations, Plaintiff's Complaint, when construed with the utmost

liberality, asserts the following legal claims against Defendants: (1) a claim of racial

discrimination in violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §

2

2000 *et seq.* ("Title VII"); (2) a claim of racial discrimination in violation of 42 U.S.C. § 1981;

(3) a claim of racial discrimination in violation of New York Human Rights Law, N.Y. Exec.

Law § 296 ("NYHRL"); (4) a claim of age discrimination in violation of the Age Discrimination

in Employment Act, 29 U.S.C. § 630 *et seq.* ("ADEA"); (5) a claim of age discrimination in

violation of Title VII; (6) a claim of age discrimination in violation of 42 U.S.C. § 1981; and (7)

a claim of age discrimination in violation of the NYHRL.  (*Id.*)  A listing of precisely which

claims are asserted against which Defendants is provided below in Part III of this Decision and

Order.  Familiarity with the particular factual allegations supporting these claims is assumed in

this Decision and Order, which is intended primarily for review by the parties.  (*Id.*)

### B.    Cornell Defendants' Motion to Dismiss

On July 12, 2010, Cornell Defendants filed a motion to dismiss Plaintiff's claims against

them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

12(b)(6).  (Dkt. No. 14.)  Generally, in support of their motion, Cornell Defendants argue that

Plaintiff's Complaint does not allege facts plausibly suggesting that (1) Cornell Defendants

discriminated against Plaintiff, or (2) Cornell Defendants are liable for any discrimination

undertaken by Stafkings.  (Dkt. No. 14, Attach. 1, at 5-8 [Cornell Defs.' Memo. of Law].)

On August 23, 2010, Plaintiff filed a response to Cornell Defendants' motion.  (Dkt. No.

27.)  Generally, Plaintiff's response, when construed with the utmost liberality, argues as

follows: (1) Cornell Defendants discriminated against her by refusing to hire her and accepting

Stafkings reason for not referring her resume; (2) Defendants Allan Bishop and Alan Mittman

personally discriminated against her by not investigating Plaintiff's allegations of Stafkings'

discriminatory conduct; (3) Cornell Defendants aided and abetted racial discrimination

undertaken by Stafkings, evidenced by disparate treatment of and disparate impact on black applicants, by accepting their reason for not referring her to Cornell; (4) Cornell Defendants are liable for the discriminatory actions of Stafkings under a common law agency theory because they granted Stafkings "the authority to hire" on their behalf; and (5) Cornell Defendants discriminated against her due to her age by failing to investigate her allegation of discrimination by Stafkings.  (*Id.*)

On August 30, 2010, Cornell Defendants filed a reply to Plaintiff's response.  (Dkt. No. 29.)  Generally, in their reply, Cornell Defendants restate their argument that Plaintiff has failed to allege facts plausibly suggesting any legal basis for them to be held liable for the alleged discrimination undertaken by the Stafkings Defendants.  (*Id.*)

## II.    GOVERNING LEGAL STANDARDS

### A.    Legal Standard Governing Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

6

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[2] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[3]

---

[1]     *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[2]     *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[3]     It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated,

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  For purposes of Fed. R. Civ. P. 12(b)(6), "[t]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  Moreover, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (internal quotation marks and citation omitted).

---

"*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

B.    **Legal Standard Governing *Sua Sponte* Review of Complaint Filed by a Plaintiff Proceeding *In Forma Pauperis***

On May 28 2010, United States Magistrate Judge George H. Lowe granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. Nos. 2, 4.) As a result, in addition to analyzing Plaintiff's claims against Cornell Defendants pursuant to their motion to dismiss, the Court must review the pleading sufficiency of Plaintiff's factual allegations against the Stafkings Defendants, pursuant to Fed. R. Civ. P. 12(b)(6). This is because the Prison Litigation Reform Act directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

III.    **ANALYSIS**

Before conducting an analysis of each of Plaintiff's claims, the Court finds it necessary to address three preliminary matters.

First, the Court notes that Plaintiff's response memorandum of law contains a number of factual statements not contained in her Complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 27.) Some of these new factual statements are consistent with the allegations in her Complaint, and some contradict the allegations in her Complaint. (*Id*.)

In addition, attached to Plaintiff's response memorandum of law are approximately 38 pages of records not attached to her Complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 27, Attach. 3-21.) Some of these records are referenced in her Complaint; some of them are not referenced in her Complaint but are consistent with the allegations in her Complaint; some of them contradict the allegations in her Complaint; some of them are consistent with the new factual

statements in her response memorandum of law; and some of them contradict the new factual statements in her response memorandum of law.  (*Compare* Dkt. No. 27, Attach. 3-21 *with* Dkt. No. 1 *and* Dkt. No. 27, Attach. 2.)

With regard to the new factual statements that are contained in Plaintiff's response memorandum of law and that are consistent with the allegations in her Complaint, the Court will consider those factual statements while assessing the pleading sufficiency of her Complaint, in this Decision and Order.  However, with regard to the new factual statements that are contained in Plaintiff's response memorandum of law but that *contradict* the allegations in her Complaint, the Court need not, and does not, consider those factual statements in this Decision and Order.[4]

With regard to the records that are attached to Plaintiff's response memorandum of law and that are referenced in her Complaint, the Court will consider those records while assessing the pleading sufficiency of her Complaint, in this Decision and Order.  However, with regard to the remaining records, the Court need not, and does not, consider those records in this Decision

---

[4]     *See, e.g., Allah v. Kemp*, 08-CV-1008, 2010 WL 1036802, at *3 (N.D.N.Y. Feb. 25, 2010) (Lowe, M.J.) (stating that it is appropriate to consider *pro se* plaintiff's papers in opposition to a motion to dismiss "to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint"); *Ohuche v. Merck & Co., Inc.*, 11-CV-2385, 2011 WL 2682133, at *2 (S.D.N.Y. July 7, 2011) ("[W]here a plaintiff is proceeding *pro se*, the factual allegations raised in her opposition papers may be incorporated into her complaint, to the extent they are consistent with the allegations of the complaint."); *Coakley v. 42nd Precinct Case 458*, 08-CV-6206, 2009 WL 3095529, at *3 (S.D.N.Y. Sept. 28, 2009) ("Further, courts may consider the allegations contained in a pro se plaintiff['']s memorandum of law, where they are consistent with those in the complaint."); *Gadson v. Goord*, 96-CV-7544, 1997 WL 714878, at *1 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia, Gill v. Mooney*, 824 F.2d 192 [2d Cir. 1987] [allowing consideration of *pro se* plaintiff's affidavit submitted in opposition to motion to dismiss]) (considering materials submitted by plaintiff opposing a motion to dismiss in addition to plaintiff's complaint).

10

and Order.[5]  Such a consideration of those 38 pages of records would so expand or limit, and generally confuse, the 58 paragraphs of factual allegations contained in Plaintiff's Complaint as to (1) unreasonably impair Defendants' ability to assert admissions, denials, and affirmative defenses in their Answer (not to mention their ability to conduct discovery so as to prepare for trial), and (2) unduly obstruct, rather than facilitate, a proper decision on the merits of Plaintiff's claims by the Court.  The Court notes that Plaintiff is fully entitled to use those records in her Amended Complaint, by (1) incorporating into her Amended Complaint the information contained in those records, and/or (2) referencing those records in, and attaching those records to, her Amended Complaint.

Second, the Court notes that, within three hundred (300) days of allegedly being discriminated against, Plaintiff filed race and age discrimination complaints against Defendants Cornell University and Stafkings with the New York State Division of Human Rights ("NYDHR"), which found no probable cause to believe that Defendant Cornell had discriminated against Plaintiff.  (*See generally* Dkt. No. 14, Attach. 2 [findings of NYDHR].)[6]

---

[5]    *See Ahart v. Willingham*, 05-CV-1016, 2007 WL 842006, at *5 (D. Conn. Mar. 15, 2007) (refusing to consider an exhibit attached to *pro se* plaintiff's opposition to a motion to dismiss though granting leave to amend complaint); *Graham v. City of Albany*, 08-CV-0892, 2009 WL 4263510, at *1 n.4 (N.D.N.Y. Nov. 23, 2009) (Treece, M.J.) ("Because of the standard for deciding motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) . . . the documentary evidence attached as Exhibits to Defendants' Motions to Dismiss and to [pro se] Plaintiff's Responses thereto have not been considered in rendering this decision.").

[6]    The findings of the NYDHR, attached as exhibits in Plaintiff's response (Dkt. No. 14), are considered as part of Plaintiff's Complaint because they are, due to their "terms and effects," "integral" to the Complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 53 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.") (citing *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69 [2d Cir. 1995]).  The Court notes that, while the findings of that document are

As a result, the Court finds that, for purposes of this Decision and Order, Plaintiff has exhausted

her available administrative remedies with regard to her civil rights claims against Defendants

Cornell University and Stafkings.[7]

Third, the Court notes that the NYDHR's findings were adopted by the Equal

Opportunity Employment Commission ("EEOC"), who issued a right to sue letter to Plaintiff on

April 5, 2010.  (*See generally* Dkt. No. 14, Attach. 2, at 26; Dkt. No. 1, at ¶ 9.)  Furthermore,

Plaintiff filed her Complaint within ninety (90) days of receiving her right-to-sue letter.  (*See*

Dkt. No. 1, filed May 24, 2010].)  As a result, the Court finds that, for purposes of this Decision

and Order, Plaintiff's civil rights claims against Defendants Cornell University and Stafkings are

timely.  *See* 42 U.S.C. § 2000e-5(f)(1) (stating that suit must be filed within 90 days of obtaining

an EEOC right-to-sue letter).

Having addressed these three preliminary matters, the Court will now proceed to an

analysis of each of Plaintiff's claims.

### A.    Title VII Claims

Construed liberally, Plaintiff claims that Defendants violated Title VII by failing to hire

her because of her race and age.  (Dkt. No. 1, at 38.)

---

specific to Cornell and not Stafkings, for the purposes of this Order, it assumes that
administrative remedies were conclusively pursued against Stafkings as well.

[7]    *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(d); 42 U.S.C. § 12117 (incorporating
Title VII's enforcement mechanisms); *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir.
2006); *Brown v. Research Found. of SUNY*, 08-CV-0592, 2009 WL 1504745, at *7 (N.D.N.Y.
May 28, 2009) (McAvoy, J.) ("The applicable administrative exhaustion procedures of Title VII,
the ADA, and the ADEA require that, as a predicate to filing a civil action, an aggrieved
employee must file a complaint with the EEOC or the New York State Division of Human
Rights within 300 days of the alleged discriminatory act or acts.").

Title VII states, in relevant part, that it is unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, [or] color . . . ."  42 U.S.C. § 2000e–2(a)(1).  Two forms of discrimination are prohibited under Title VII: disparate treatment and disparate impact.  *See Griggs v. Duke Power Co.*, 401 U.S. 424, 431 ("The Act proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation").

Absent any direct evidence of discrimination, to succeed on a Title VII claim under a disparate-treatment theory, a plaintiff must first make out a prima facie case of discrimination by showing that (1) she is a member of a protected class, (2) she applied for a position with defendant(s), (3) she was qualified for that position, and (4) the position was given to a member of an unprotected class under circumstances that give rise to an inference of discrimination due to her race.  *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (establishing burden-shifting analysis of Title VII claims).  The burden then shifts to the employer defendant, who must proffer a legitimate, non-discriminatory reason for the adverse employment action.  *Feingold*, 366 F.3d at 152.  The burden then returns to the plaintiff, who must show that the unlawful reason for the adverse employment action was more likely than the legitimate, non-discriminatory reason.  *Id.*

Similarly, to succeed on a Title VII claim under a disparate-impact theory, a plaintiff must first make out a prima facie case.  *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 160-61 (2d Cir. 2001).  To do so, a plaintiff must "(1) identify a policy or practice, (2) demonstrate that a disparity exists, and (3) establish a causal relationship between the two."  *Robinson*, 267 F.3d at 160-61; *see also Malave v. Potter*, 320 F.3d 321, 25-26 (2d Cir. 2003)

(discussing standard for assessing statistical evidence as the basis for a disparate impact claim).

However, it is not necessary for a civil rights plaintiff to make out a prima facie case, in order to successfully state a claim. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (holding that a prima facie case of discrimination is not necessary at the pleading stage); *Bhaduri v. Summit Sec. Servs., Inc.*, 05-CV-7024, 2006 WL 2290766, at *4 (S.D.N.Y. Aug. 8, 2006) (stating that a civil rights complaint may survive a motion to dismiss without pleading a prima facie case of discrimination). Rather, to withstand a motion to dismiss for failure to state a claim (and/or survive a *sua sponte* review of the complaint), a civil rights plaintiff need only allege facts plausibly suggesting the existence of a claim. *See, e.g., Barbosa v. Continuum Health Partners, Inc.*, 09-CV-6572, 2010 WL 768888, at *3 (S.D.N.Y. Mar. 8, 2010) ("[A] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.").

### 1.    Title VII Claims Against Defendants Based on Age

Before turning to an analysis of Plaintiff's Title VII claims based on race (which appear to be brought under theories of disparate treatment and disparate impact), the Court notes that, insofar as Plaintiff's Complaint asserts a claim of age discrimination in violation of Title VII, that claim must be dismissed because it is not legally cognizable, given that Title VII does not protect employees from discrimination by employers based on their age. *Bornholdt v. Brady*, 869 F.2d 57, 62 (2d Cir. 1989) ("Title VII plainly does not apply, since that statute governs complaints relating only to discrimination on the basis of race, color, religion, sex, or national origin, and not discrimination on the basis of age."). The Court further notes that Plaintiff's

claims of age discrimination, properly brought under the ADEA, are discussed below in Part

III.C. of this Decision and Order.

> **2.      Title VII Claim Against Allan Mittman, Alan Bishop, and Carol Katchmir**

In her Complaint, Plaintiff appears to allege that Defendants Allan Mittman and Alan

Bishop discriminated against her by accepting Defendant Stafkings' reason for not forwarding

her resume to Cornell, and by failing to adequately investigate her charge of racial

discrimination.  (Dkt. No. 1, at 4.)  Plaintiff also appears to allege that Defendant Katchmir

failed to refer Plaintiff to Defendant Cornell University for discriminatory reasons.  (*Id.*)

The Second Circuit has recognized that "individuals are not subject to liability under

Title VII."  *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).  As a result, no legally

cognizable Title VII claim has been stated in Plaintiff's Complaint against Defendants Mittman,

Bishop or Katchmir.  Furthermore, because it would not be possible for Plaintiff to state a Title

VII claim against Defendants Mittman, Bishop or Katchmir should Plaintiff choose to amend her

Complaint, Plaintiff's Title VII claims against them are dismissed with prejudice.  *See Andujar v.

McClellan*, 95-CV-3059, 1996 WL 601522, at *2 (S.D.N.Y. Oct. 21, 1996) ("While leave to

amend a complaint should be freely granted, it may be denied when the amendment is futile.").

> **3.      Title VII Claim Against Cornell University**

In her Complaint, Plaintiff alleges that she is a member of a protected class, and that

positions were given to members of an unprotected class.  However, Plaintiff has not alleged

facts plausibly suggesting that she applied for a position *with* Defendant Cornell University.

Instead, she alleges only that she discussed a position *at* Defendant Cornell University with an

employee at Defendant Stafkings.  Indeed, her Complaint makes clear that Defendant Cornell

University *never received her resume*,[8] thereby making it impossible for Defendant Cornell University to have directly taken an adverse employment action against her.

Construing Plaintiff's Complaint with the utmost liberality, it appears that Plaintiff may nonetheless be alleging an agency relationship between Defendant Cornell University and Defendant Stafkings.  (Dkt. No. 1, at 5 ["Because of the actions, and inactions of the Defendants and its agents. . ."].)  Under Title VII, an employer may be vicariously liable for the "tangible employment action[s]" of its employees.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).  However, because an employment agency may be held liable for its discriminatory acts,[9] it is unclear whether an employer may be held vicariously for the alleged discriminatory acts of an employment agency based on its receipt of referrals from that agency.  However, the Court assumes, for the sake of argument, that such liability may exist based on common-law agency principles.

To the extent that Plaintiff relies on an agency theory to hold Defendant Cornell University liable for the actions of Defendant Stafkings, such reliance is based on two allegations.  First, Plaintiff's allegation that Defendant Cornell University and Defendant Stafkings had a "contractual agreement."  (Dkt. No. 1, at 6.)  Second, Plaintiff's allegation that Defendant Cornell University discriminated against her by "fail[ing] to take the actions necessary to remedy" racial discrimination.  (Dkt. No. 1, at 5, ¶ 44.)

However, there are three problems with Plaintiff's agency argument.  First, she alleges

---

[8]      (Dkt. No. 1, at 5 ["Stafkings failed to refer my resume to Cornell . . ."].)

[9]      42 U.S.C. § 2000e-2(b).

facts plausibly suggesting that Defendant Stafkings referred her to a previous job opening at Defendant Cornell University, for which she was hired.  Moreover, Plaintiff has alleged facts plausibly suggesting that Defendant Katchmir provided her with a non-discriminatory reason for not referring her to Defendant Cornell University for employment.  (Dkt. No. 1, at 4 ["Katchmir stated that she did not refer my resume; [sic] as she received resumes from individuals who she felt were more qualified than I."].)  In other words, Plaintiff's allegations plausibly suggest that Defendant Stafkings' decision not to refer her was not discriminatory, and absent plausible allegations of discrimination on the part of the agent, vicarious liability cannot exist.

Second, Plaintiff's allegations in support of her agency argument do not plausibly suggest that Defendant Cornell University had control over the actions of Defendant Stafkings, such that it could be held vicariously liable for the alleged discriminatory acts of Defendant Stafkings in failing to refer Plaintiff's resume.

Third, there is nothing in the statutory language of Title VII, or relevant case law, which requires a client-employer to investigate claims against an employment agency with whom they contract based on the agency's failure to refer certain applicants.  Furthermore, even assuming the existence of such a requirement, Plaintiff's Complaint plausibly suggests that employees of Defendant Cornell University *did* in fact investigate her claims (though clearly not to her satisfaction).

In sum, Plaintiff has failed to allege any facts plausibly suggesting that Defendant Cornell University discriminated against her, either directly or vicariously through the actions of Defendant Stafkings.  As a result, Plaintiff's Title VII claim against Defendant Cornell University is conditionally dismissed.

4.     **Title VII Claim Against Stafkings**

As stated above in Part III.A.3. of this Decision and Order, Plaintiff has failed to allege

any facts plausibly suggesting that Defendant Stafkings directly discriminated against her.  In

addition, to the extent Plaintiff seeks to bring a claim against Defendant Stafkings under a

disparate-impact theory, the allegations in her Complaint are too conclusory in nature to

successfully state such a claim.  (Dkt. No. 1, at 7.)  For example, Plaintiff alleges no facts

regarding the qualifications of the individuals who *were* referred by Defendant Stafkings to

Defendant Cornell University relative to those who were *not* referred, which might plausibly

suggest a discriminatory practice by Defendant Stafkings.[10]  Furthermore, Plaintiff fails to allege

facts plausibly suggesting the existence of a facially neutral practice that disparately impacted a

protected *group*.  Rather, Plaintiff only alleges that there was a disparate impact on *her*.

"'Disparate impact' . . . results from the use of 'employment practices that are facially

neutral in their treatment of different groups but that in fact fall more harshly on [a protected

group] and cannot be justified by business necessity.'"  *Geller v. Markham*, 635 F.2d 1027, 31

(D. Conn. 1980) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 35-36 [1977]).

In essence, Plaintiff's disparate-impact claim is actually a disparate-treatment claim, and

"allowing the disparate impact doctrine to be invoked as [Plaintiff] proposes would simply

---

[10]     Insofar as Plaintiff's response to Cornell Defendants' motion to dismiss raises the
sort of statistical evidence that may be used to establish a claim of disparate impact, she does not
include the statistics of the individuals who *were not* recommended to Defendant Cornell
University.  It is not sufficient merely to compare herself as an individual who *was not referred*
by Defendant Stafkings to the individuals who were ultimately hired from a smaller pool referred
to Defendant Cornell University.  Moreover, as stated above in Part III of this Decision and
Order, the Court disregards the revised claims made by Plaintiff in her response memorandum
for the purposes of this Decision and Order.

provide a means to circumvent the subjective intent requirement in any disparate treatment case." *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 115 (2d Cir. 1992).

To successfully state disparate-impact claim, Plaintiff must allege facts plausibly suggesting that a disproportionate amount of members of a protected class were disadvantaged by some employment practice of Defendant Stafkings. Such a claim against Defendant Stafkings would involve its decision regarding which nine resumes to refer, and which resumes *not* to refer, and not Defendant Cornell University's ultimate selection of six individuals from the nine candidates made available to it.

For these reasons, Plaintiff's Title VII claim against Defendant Stafkings is conditionally dismissed.

### B.    NYHRL Claims

NYHRL claims of racial discrimination are assessed under the same analysis as are Title VII claims. *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 97-98 (2d Cir. 2001). Accordingly, Plaintiff's NYHRL claims against Defendant Cornell University and Defendant Stafkings fail for the reasons stated above in Parts III.A.3. and III.A.4. of this Decision and Order. However, because an employee may be individually liable for a violation of the NYHRL, the Court will address Plaintiff's claims against Defendants Mittman, Bishop and Katchmir. Moreover, because in this case there are considerations relevant to Plaintiff's NYHRL claims that are not relevant to her Title VII claims, the Court will also discuss Plaintiff's NYHRL claims against Defendant Cornell University and Defendant Stafkings.

### 1.     NYHRL Claims Against Mittman and Bishop

Construing Plaintiff's Complaint with the utmost liberality, Plaintiff seeks relief against

Defendants Mittman and Bishop under the NYHRL.  Section 296(1) states, in relevant part, that

it is unlawful "[f]or an employer . . . because of an individual's age, [or] race . . . to refuse to hire

or employ . . . such individual . . ."  Unlike Title VII, the NYHRL allows for individuals, and not

merely employers, to be held liable in specific circumstances, under either NYHRL § 296(1) or

NYHRL § 296(6).  *See Maher v. Alliance Mortg. Banking Corp.,* 650 F. Supp. 2d 249, 259

(E.D.N.Y. 2009).

Under New York law, an individual is deemed an employer for the purposes of NYHRL

§ 296 if he or she is "shown to have an ownership interest in [the business employing the

plaintiff] or power to do more than carry out personnel decisions made by others."  *Maher*, 650

F. Supp. 2d at 260 (quoting *Patrowich v. Chem. Bank,* 473 N.E.2d 11, 12 [N.Y. 1984]).  In

assessing the second prong of *Patrowich* (i.e., whether an individual is an employer due to their

power within a company), "courts should consider[] whether the individual supervisor or

manager (1) had the power to hire or fire employees, (2) supervised and controlled employee

work schedules or employment conditions, (3) determined the rate and methods of payment, and

(4) maintained employment records."  *Picinich v. United Parcel Serv.*, 321 F. Supp. 2d 485, 517

(N.D.N.Y. 2004) (McCurn, J.).

Here, Plaintiff has failed to allege any facts plausibly suggesting that Defendants

Mittman or Bishop are employers within the meaning of the NYHRL.  In addition, Plaintiff has

failed to allege facts plausibly suggesting that either Defendant Mittman or Defendant Bishop

personally failed to hire her for a discriminatory reason.  Rather, she rests her claim solely on the

alleged failure of these individuals to investigate Defendant Stafkings' alleged discriminatory act of not referring her resume to Defendant Cornell University.

The language of NYHRL § 296(1) does not contemplate a cause of action against the client of an employment agency, nor does case law support such an interpretation. Furthermore, as stated above in Part III.A.3. of this Decision and Order, Plaintiff alleges in her Complaint facts plausibly suggesting that Defendants Mittman and Bishop *did* investigate her claims by contacting Defendant Katchmir at Defendant Stafkings. (Dkt. No. 1, at 4.)

Finally, insofar as Plaintiff seeks to state a claim pursuant to NYHRL § 296(6) by alleging that Defendants Mittman and Bishop aided and abetted discrimination by their employer, it is well settled that "[b]efore accessorial liability can be found as to an alleged aider and abettor, the plaintiff must first establish liability as to the employer/principal." *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 93 (S.D.N.Y. 1999) (citing *Murphy v. ERA United Realty*, 674 N.Y.S.2d 415, 417 [N.Y. App. Div. 2d Dept. 1998]); *accord Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni*, 585 F. Supp. 2d 520, 546 (S.D.N.Y. 2008). As discussed below in Part III of this Decision and Order, the NYDHR found no probable cause to believe that Defendant Cornell had discriminated against Plaintiff. As a result, Plaintiff's claim of accomplice liability against Defendants Mittman and Bishop must be dismissed. *See Martin v. MTA Bridges and Tunnels*, 06-cv-3125, 2008 WL 2796640, at *2 (S.D.N.Y. July 17, 2008) (noting that "suit against the individual defendants under [NYHRL] § 296(6) is barred by . . . the [NY]DHR conclud[ing] that there was no probable cause to believe that plaintiff's employer [] had discriminated against her on the basis of her race.").

As a result, Plaintiff's NYHRL claim against Defendants Mittman and Bishop arising

under NYHRL § 296(1) is conditionally dismissed; and Plaintiff's NYHRL claim against

Defendants Mittman and Bishop arising under NYHRL § 296(6) is dismissed with prejudice.

### 2.    NYHRL Claim Against Cornell University

While Plaintiff seeks to bring a claim against Defendant Cornell University under

NYHRL § 296, the Complaint makes clear that Plaintiff previously filed such a claim with the

NYSDHR.  Furthermore, the NYSDHR investigation found no probable cause to believe that

Defendant Cornell University had engaged in discriminatory behavior.  (Dkt. No. 14, Attach. 2,

at 22-24.)

Section 297(9) of the NYHRL states, in pertinent part, that "any person claiming to be

aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of

appropriate jurisdiction . . . *unless* such person had filed a complaint . . . with any local

commission on human rights . . . ."  NYHRL § 297(9) (emphasis added).  The Second Circuit

has made clear that a plaintiff may not pursue remedies through *both* a state agency and a federal

court.  *York v. Assoc. of the Bar of the City of New York*, 286 F.3d 122, 127-28 (2d Cir. 2002).

In this way, the finding of a lack of probable cause by the NYDHR bars Plaintiff's NYHRL

claim against Defendant Cornell University in this Court.  *Id.*  As a result, Plaintiff's NYHRL

claim against Defendant Cornell University is dismissed with prejudice.

### 3.    NYHRL Claim Against Stafkings

In her Complaint, Plaintiff alleges that she filed a complaint against Defendant Stafkings

with the NYDHR.  (Dkt. No. 1 at ¶ 36.)  As a result, it appears that this claim is barred for the

reasons discussed above in Part III.B.2. of this Decision and Order.

However, even assuming that this claim is not procedurally barred, because it was

dismissed by the NYDHR for administrative, and not meritorious, reasons,[11] Plaintiff has failed

to allege facts plausibly suggesting that she was discriminated against by Stafkings.  As a result,

her NYHRL claim against Defendant Stafkings is conditionally dismissed.  However, should

Plaintiff choose to amend her complaint and assert a claim against Stafkings under the NYHRL,

she is advised that she must demonstrate that such a claim is not procedurally barred.

### 4.    NYHRL Claim Against Carol Katchmir

As discussed above in Part III.B.1. of this Decision and Order, individuals may be held

liable under NYHRL § 296 only if they are employers themselves, or if they conspired with a

discriminatory employer whose liability has already been established.  *DeWitt*, 48 F. Supp.2d at

93 (stating that employer liability must first be established for § 296(6) claim against individuals

to be proper); *Patrowich*, 473 N.E.2d at 12 (discussing criteria for an individual to be considered

an employer for a § 296[1] claim).

Plaintiff has failed to allege facts which plausibly suggest that (1) Defendant Katchmir is

an employer within the meaning of NYHRL § 296, (2) Defendant Katchmir discriminated

against Plaintiff, or (3) Defendant Stafkings discriminated against her.  As a result, Plaintiff's

NYHRL claim against Defendant Katchmir is conditionally dismissed.

### C.    ADEA Claims

Claims brought under the ADEA are analyzed under the same standard as claims brought

under Title VII.  *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 105-06 (2d Cir. 2010).  Thus,

as discussed above in Part III.A. of this Decision and Order, in order to make a prima facie case

---

[11]    *See* NYHRL § 296(9) (stating that claims dismissed for administrative
convenience, untimeliness, or annulment of the election of remedies are not procedurally
barred).

of discrimination under the ADEA, Plaintiff must allege facts plausibly suggesting that (1) she belonged to a protected class, (2) she applied for a position with defendants, (3) she was qualified for that position, and (4) despite her qualifications, the position was given to a member of an unprotected class under circumstances that gave rise to an inference of discrimination.

### 1.    ADEA Claims Against Mittman, Bishop, and Katchmir

The ADEA, like Title VII, does not provide for individual liability.  *See Peres v. Oceanside Union Free Sch. Dist.*, 426 F. Supp. 2d 15, 22 (E.D.N.Y. 2006); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").  As a result, Plaintiff's ADEA claims against Defendants Mittman, Bishop and Katchmir are dismissed with prejudice.

### 2.    ADEA Claims Against Cornell University and Stafkings

In order to state an ADEA claim, Plaintiff must allege facts that plausibly suggest that she is a member of a protected class, i.e., she must state her age.  Here, Plaintiff has failed to allege that she is a member of a protected class.  Moreover, even assuming, for the sake of argument, that Plaintiff is indeed a member of a protected class, as she does with regard to her Title VII claims, she fails to allege any facts which plausibly suggest that she was discriminated against based upon her age.

For these reasons, Plaintiff's ADEA claims against Defendants Cornell University and Stafkings are conditionally dismissed.

### D.     42 U.S.C. § 1981 Claims

Section 1981 claims, which must be based on race (not age) discrimination,[12] are

generally assessed using the same standard as Title VII claims, recited above in Part III.A. of this

Decision and Order.  *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

However, unlike Title VII, 42 U.S.C. § 1981 allows claims to be brought against individual

defendants.  *Patterson*, 375 F.3d at 226; *Whidbee v. Garzarelli Food Specialties, Inc*, 223 F.3d

62, 75 (2d Cir. 2000).

#### 1.     Section 1981 Claims Against Cornell and Stafkings

As § 1981 claims generally follow the same standard as followed by Title VII claims,

Plaintiff's § 1981 claims against Defendants Cornell University and Stafkings must be, and are,

dismissed for the reasons set forth above in Parts III.A.3. and III.A.4. of this Decision and Order.

#### 2.     Section 1981 Claims Against Defendants Mittman, Bishop and Katchmir

As with Defendants Cornell University and Stafkings, Plaintiff has failed to allege any

facts plausibly suggesting that Defendants Mittman, Bishop or Katchmir discriminated against

her based on her race.  To the contrary, as set forth in Part III.A.3. and of this Decision and

Order, Plaintiff has alleged facts plausibly suggesting that (1) Defendants Mittman and Bishop

investigated her claim of discrimination, and (2) Defendant Katchmir provided her with a non-

discriminatory reason for not referring her to Defendant Cornell University for employment.

As a result, Plaintiff's §1981 claims against Defendants Mittman, Bishop and Katchmir

are conditionally dismissed.

---

[12]     *See, e.g., Silverman v. City of New York*, 98-CV-6277, 2001 WL 218943, at *6 (E.D.N.Y. Feb. 2, 2001).

25

**ACCORDINGLY**, it is

**ORDERED** that Cornell Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED in part** and **DENIED in part** in the following respects:

(1) Plaintiff's Title VII claims against Defendants Bishop and Mittman, her ADEA claims against Defendants Bishop and Mittman, her NYHRL claims under § 296(6) against Defendants Bishop and Mittman, and her NYHRL claim against Defendant Cornell University **are DISMISSED with prejudice**; and

(2) Plaintiff's remaining claims against the Cornell Defendants (i.e., her Title VII claim against Defendant Cornell University, her NYHRL claims under § 296(1) against Defendants Bishop and Mittman, her ADEA claim against Defendant Cornell University, and her claims under 42 U.S.C. § 1981 against Defendants Bishop and Mittman) **shall be DISMISSED with prejudice UNLESS**, within thirty (30) days from the date of this Decision and Order, she files an Amended Complaint that alleges facts plausibly suggesting such claims; and it is further

**ORDERED** that Plaintiff's claims against Stafkings Defendants are *sua sponte* **either DISMISSED or CONDITIONALLY DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B), as follows:

(1) Plaintiff's Title VII and ADEA claims against Defendant Katchmir **are DISMISSED with prejudice**; and

(2) Plaintiff's remaining claims against Stafkings Defendants (i.e., her Title VII claim against Defendant Stafkings, her NYHRL claim against Defendant Stafkings, her NYHRL claim against Defendant Katchmir, her ADEA claim

against Defendant Stafkings, and her claim under 42 U.S.C. §1981 against

Defendants Katchmir) **shall be <u>DISMISSED</u> with prejudice <u>UNLESS</u>**, within

thirty (30) days from the date of this Decision and Order, she files an Amended

Complaint that alleges facts plausibly suggesting such claims; and it is further

**ORDERED** that, upon Plaintiff's full compliance with this Decision and Order, the

Clerk of the Court shall return the file to this Court for further review.  In the event that Plaintiff

fails to file an amended complaint within thirty (30) days from the date of this Decision and

Order, the plaintiff's complaint shall be dismissed without further order of the Court.

Dated: September 26, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

27